IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> TANNER NOLEN; <br> N5 FARMS LLC <br> N5 FARMS TRUCKING LLC <br> RONALD MAHONEY, <br><br> Defendants. | Case No. 25-CV-00205-SEH-MTS |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Transfer Venue. [ECF No. 17]. Plaintiff seeks to transfer this case to the United States District Court for the Eastern District of Oklahoma. Plaintiff's motion is granted for the reasons set forth below.

### I. Background

This is a declaratory judgment action related to an insurance coverage dispute over a traffic accident that Plaintiff alleges took place near Stigler, Oklahoma. [ECF No. 2 at 1–3]. Plaintiff alleges that one of the individual defendants resides in Haskell County, Oklahoma, and that the other individual defendant resides in Pittsburg County, Oklahoma. [*Id.* at 2]. Plaintiff further alleges that one of the businesses entity defendants is

located in Stigler, which is in Haskell County, and that the other business entity defendant is a single-member LLC with the sole member being one of the individual defendants who resides in Haskell County. [*Id.*]. In other words, nearly all the defendants are located in and the events that give rise to this action took place in Haskell and Pittsburg Counties.

Plaintiff seeks to transfer this action to the United States District Court for the Eastern District of Oklahoma because it erroneously filed the complaint in the Northern District of Oklahoma because of a "clerical mistake." [ECF No. 17 at 2]. Indeed, the caption of Plaintiff's complaint incorrectly lists the Eastern District of Oklahoma as the venue. [ECF No. 2 at 1]. Defendant Ronald Mahoney agrees that the Eastern District is a proper venue, not the Northern District. [ECF No. 19 at 1–2]. However, Defendant objects to transfer and argues that this action should be dismissed instead. [*Id.* at 1–2]. In Defendant's view, he "certainly does not believe that saving a filing fee in a lawsuit where the Plaintiff is attempting to deny insurance coverage for a wreck caused by their insured that resulted in in severe injuries to this Defendant qualifies as being in the interest of justice." [*Id.* at 2].

None of the other Defendants have filed responses to Plaintiff's motion to transfer. The Court will nevertheless rule on the motion now because the Court may transfer a case *sua sponte* under 28 U.S.C. § 1406(a). *Weldon v.*

*Ramstad-Hvass*, 512 F. App'x 783, 798 (10th Cir. 2013) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006)).

## II. <u>Discussion</u>

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Factors bearing on a § 1406(a) transfer decision include whether 'the new action would be time barred' and whether 'the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper.'" *Reeves v. Stanislaus Cnty. Super. Ct.*, No. 24-5049, 2025 WL 251957, at *2 n.3 (10th Cir. Jan. 21, 2025) (quoting *Trujillo*, 465 F.3d at 1223 n.16 (internal quotation marks omitted)). Under the general federal venue statute, 28 U.S.C. § 1391(b), a civil action may be brought in:

   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Ordinarily, a plaintiff has the burden of establishing proper venue. *Watts v. Freeman Health Sys.*, No. 20-cv-00452-WPJ-JFJ, 2023 WL 7128461, at *2 (N.D. Okla. Oct. 30, 2023) (citing *Titsworth v. Hodge*, 2018 WL 3312985, at *2 (E.D. Okla. July 3, 2018); *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998). In evaluating whether a plaintiff has met this burden, "the facts alleged in the complaint are taken as true, but only to the extent they are uncontroverted by the defendant's evidence." *Id.* (citing *Pierce*, 137 F.3d at 1192).

It is somewhat unusual that Plaintiff is the party moving to change venue rather than one of the Defendants. But taking Plaintiff's allegations as true, none of the Defendants reside in the Northern District of Oklahoma, none of the events giving rise to the claim occurred in the Northern District, and there are no allegations about where any relevant property is. However, the events giving rise to the claim did occur in Haskell County, one of the defendants resides in Haskell County, and one of the defendants resides in Pittsburg County. Haskell and Pittsburg Counties are in the Eastern District of Oklahoma, 28 U.S.C. § 116(b), so venue is proper there.

The parties do not address whether this action would be time barred if it were dismissed, but Plaintiff has sufficiently demonstrated that filing the case in this district was an inadvertent error made in good faith. The Court finds that given all of the facts and circumstances present in this case,

4

transfer to the Eastern District is in the interest of justice. Transfer will also avoid unnecessary procedural delays and other hurdles. Plaintiff's motion is granted.

One final note. Other than punishing Plaintiff for an inadvertent error that it is trying to remedy, the Court struggles to understand what would motivate Defendant to object to transfer. The Court does not have any background knowledge to illuminate the relationship between the parties and/or their counsel or the bigger picture in this case. But at least viewed in a vacuum, Defendant's objection appears to be nothing more than an unnecessary procedural jab by Defendant's counsel rather than a judicious exercise of zealous advocacy. There are pragmatic solutions to this procedural predicament that stop well short of dismissal. Transfer is that appropriate, pragmatic solution.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Transfer Venue [ECF No. 17] is GRANTED. The Court directs the Clerk of Court to take all necessary steps to transfer this case to the United States District Court for the Eastern District of Oklahoma.

Because this case will be transferred, Defendant Ronald Mahoney's Motion to Dismiss for Improper Venue [ECF No. 11] is DENIED AS MOOT.

DATED this 1st day of July, 2025.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE